PATRICK J. STAUNTON, Plaintiff, *v.* JOHN ROBBINS and Another, Defendants.

City Court of New York, Kings County, February 12, 1930.

*Monahan & McAuliffe,* for the plaintiff.

*Abraham Durst,* appearing specially only, for the defendants.

RUSSELL, J. Return of order to show cause, the object being to set aside and vacate service of a summons and complaint originally served under the provisions of section 52 of the Vehicle and Traffic Law (Laws of 1929, chap. '54), formerly section 285-a of the Highway Law, the order being brought on behalf of the defendant John Robbins, who admits that he, together with defendant Dorsa, were registered as owners of the vehicle in question, bearing New Jersey license plates No. U-52166—1929, registered in the Department of Motor Vehicle Registration of the Commissioner of Motor Vehicles of the State of New Jersey. Indeed, the card from the office of said Commissioner of Motor Vehicles, under date of October 25, 1929, accompanying plaintiff's papers in opposition hereto, verifies such registration. Defendant Robbins, appearing specially, seeks to vacate the summons and complaint upon the sole ground set forth in affidavits accompanying his moving papers; that prior to the date of the accident, occurring on October 16, 1929, and on August 23, 1929, the defendant Robbins traded the automobile in question for one belonging to his codefendant, and thereupon his ownership thereof ceased. This was under an alleged agreement that neither would use such exchanged vehicles for the balance of the year 1929, at the expiration of which time new license plates would be issued to each. This court is asked to vacate the summons served as aforesaid upon affidavits on behalf of defendant substantiating the situation above set forth. This statute (Vehicle & Traffic Law, § 52) was plainly enacted for the protection of the people of New York State against injury to person or property by reason of negligent or unlawful operation of vehicles registered in another State, who by permit or license are allowed to operate same upon our streets and highways. It is the duty of our courts in each instance to enforce the same unless lawful cause to the contrary be shown. The license number of the motor car as registered in the proper bureau of the State of New Jersey, coupled with proof that defendant held the license, or was a coholder thereof, is *prima facie* proof in the courts of New York State that the defendant was one of the owners thereof, and further

that the custodian was then and there engaged in the owner's service. (See *Ferris* v. *Sterling*, 214 N. Y. 249.) The plaintiff was justified in relying upon such record of ownership registration in this matter and his action is properly initiated. This court has jurisdiction. (See *Bessen* v. *Public Co-ordinated Transport*, opinion by SHIENTAG, J., City Court, 135 Misc. 368.) The facts set forth by defendant Robbins may, if established by proper proof at the trial, furnish a complete defense to the action, especially as section 282-e of the Highway Law (Vehicle & Traffic Law, § 59), applying to the liability of the owner of an automobile for the misfeasance of one using his car with his consent, does not apply in the present action. (*O' Tier* v. *Sell,* 252 N. Y. 400.) The defendant has mistaken his remedy. The facts he alleges have naught to do with the validity of the service of the papers sought to be voided. Ownership of the automobile and facts predicating an absence of liability therefrom are questions of fact for a trial jury and not for this court at Special Term for motions.

The motion is, therefore, denied, with ten dollars costs of motion to plaintiff; defendant Robbins to have six days following service of this order, with notice of entry, in which to appear and answer herein. Submit order accordingly.