175 So.2d 759

**Mary B. HATAS**

v.

**Edward Grady PARTIN et al.**

**2 Div. 470.**

Supreme Court of Alabama.

May 27, 1965.

Izas Bahakel, Birmingham, for appellees Partin and Local Union.

Beddow, Embry & Beddow, Birmingham, Pruitt & Pruitt, Livingston, and Williams, Wadden & Stein, Washington, D. C., for appellee Teamsters Union.

Robt. S. Vance and Hogan, Callaway & Vance, Birmingham, for appellant.

MERRILL, Justice.

This appeal is from a judgment sustaining pleas in abatement by the defendants, Edward Grady Partin, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and Local Union No. 5, and dismissing the case.

Appellant, Mary B. Hatas, styling herself "The mother of and the special administratrix of the estate of her deceased son, William Andrew Hatas," filed this suit under the wrongful death statute, Tit. 7, § 123, Code 1940, seeking damages for the death of her son who was killed when an automobile in which he was riding was allegedly struck by an automobile driven by defendant Partin, who allegedly was the agent, servant or employee of the International Union and the Local Union. The cause was removed to Federal Court and later remanded to the Circuit Court of Sumter County.

The three defendants filed two pleas in abatement, Pleas A and B. The trial court did not consider Plea B because Plea A was sustained. The basis of Plea A was that the plaintiff has no status to sue in the courts of this state because she has not caused herself to be appointed personal representative of the estate of her deceased son in the State of Alabama.

The primary question to be decided is this: Can a foreign administrator bring a wrongful death action in this state without first going through the ancillary procedures set out in Tit. 61, §§ 143 and 146, Code 1940? The trial court answered the question in the negative.

This is a case of first impression in this court and we have reached the conclusion that the question posed should be answered in the affirmative.

■ We start with the proposition that at common law no suit can be maintained by an administrator in his official capacity except within the limits of the state from which he derived his authority; Jefferson

v. Beall, 117 Ala. 436, 23 So. 44; Lawrence v. Nelson, 143 U.S. 215, 12 S.Ct. 440, 36 L.Ed. 130; and a second proposition that in Alabama a cause of action for wrongful death is not property. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912, and Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315. Unless our statutes give a foreign administrator permission to file and maintain a suit under a wrongful death statute, the trial court was correct in sustaining the pleas in abatement.

■ We look first at the wrongful death statute, Tit. 7, § 123, Code 1940:

"A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."

The words "personal representative" are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate.

██ This statute authorizes suit to be brought by the personal representative for a definite legislative purpose—to prevent homicide. In prosecuting such actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy, * * And the right is vested in the personal representative alone. No one else, under any circumstances except in the case of the death of a minor child, where Tit. 7, § 119 gives a preferred right to the father or mother, can maintain the action in any forum. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912. "The only right or duty the administrator has is to maintain the suit, and collect the damages and pay them over to the distributees. He is a mere agency and conduit, provided by the statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto." Kennedy v. Davis, 171 Ala. 609, 55 So. 104.

The following excellent annotation is found in 52 A.L.R.2d 1057:

"In the absence of a statute denying a foreign representative's capacity to sue, it has been generally held that where recovery is sought for the benefit of beneficiaries designated in the forum's death statute, and not for the benefit of the deceased's estate, a foreign personal representative has the capacity to maintain an action under the forum's death statute providing for action by the personal representative. (Citing authorities)

"From the cases cited above, it appears that the reason for allowing a foreign personal representative to sue under a death statute, notwithstanding the rule that a personal representative as such may not sue outside of the jurisdiction in which he is appointed, without ancillary appointment in the state of the forum, is that under statutes like Lord Campbell's Act, creating a new cause of action (as distinguished from one merely preserving the right of action in favor of the deceased to his personal representative), the recovery to go not to the estate to be distributed as a part thereof, but to designated beneficiaries, the personal representative sues not in his capacity as such, but in the capacity of a trustee for such beneficiaries, and, as the doctrine denying the personal representative the right to sue in a jurisdiction other than that of his appointment is predicated on the idea that local creditors must be first satisfied before the representative may be permitted to recover local assets and remit them to another jurisdiction, the reason for the rule ceases to exist when the recovery is not subject to claims of deceased's creditors, but is to be distributed among the statutory beneficiaries."

See also, Ghilain v. Couture, 84 N.H. 48, 146 A. 395, 65 A.L.R. 553, and the annotation following the report of the case.

But we do not have to rely on these authorities alone because we think specific authority is granted in Tit. 61, § 151, Code 1940, which provides in part:

"Any executor or administrator who has obtained letters testamentary or of administration on the estate of a person who was not, at the time of his death, an inhabitant of this state, in any other of the United States, and who has not obtained letters of administration thereon in this state, as authorized by article 7 of chapter 2 of this title, may maintain suits and recover or receive property in this state:" by recording the copy of his letters anytime before judgment and by giving bond for the value of any property received.

This section definitely permits a foreign executor or administrator to maintain a suit in the courts of our state prior to qualifying in this state.

Appellees argue that Tit. 61, § 151 applied only to property when it was enacted, applies only to property now and that the later enactment of the wrongful death statute has no effect on § 151 because the cause of action created was not property.

We assume that this argument is the basis for the decision of the learned trial judge in sustaining the plea in abatement, and he was fortified by the caption of § 151 which reads: "When foreign representative may sue for and recover, or receive property."

What is now Tit. 61, § 151, was first enacted in 1821 and gave a personal representative, appointed outside this state, the right to maintain suits, and the title to the section in Toulmin's Digest was: "Executors appointed by other states may sue." In the 1852 Code the caption was: "Actions, how maintained, or property recovered by a foreign administrator." The 1876 Code added "or executor" to the caption and it so remained until the 1887 Code where the present caption was first used. During the time from 1821 to the present, the statute has been amended, but without effect on the provisions here pertinent. Prior to the change in the caption in 1887, the section itself gave to foreign personal representatives, or administrators or executors, the right to maintain suits in this state, and the wording of the section today gives that right subject to certain conditions to be met prior to judgment.

The caption or title at the beginning of a section of the Code is not a part of the section, and a change in the caption or title by the codifiers does not affect the body of the section where it has remained unchanged. Ex parte Byrd, 172 Ala. 179, 55 So. 203.

And although a difference in phraseology and arrangement may be made by the codifiers, this does not necessarily work a change of construction. Unless the alteration is of such character as to manifest a clear intent to make a change in the construction and operation, effect will be given to the statute as originally framed by the Legislature. Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308; Miller v. State ex rel. Peck, 249 Ala. 14, 29 So.2d 411, 172 A.L.R. 1356.

We, therefore, place no significance on the change of the title to the section, noting merely that the title earlier than 1887 was more nearly correct than the one used since then in the various Codes.

Discussing this section in 1898, this court in Grayson v. Robertson, 122 Ala. 330, 25 So. 229, in an opinion prepared by Chief Justice Brickell, said:

" * * * Our statute, in recognition of that comity which should prevail among the different states, has given authority to a personal representative appointed in another state to maintain suits and recover or receive property belonging to the estate of his decedent, and situated in this state; but the authority thereby given is not absolute, but qualified. Before he has the right to exercise such authority, he must comply with the conditions prescribed by the statute (Code of 1896, § 359). This statute is not only permissive, but it is also prohibitory,—permissive, upon the compliance with its conditions; prohibitory, in the absence of such compliance. * * * "

And prior to the Grayson case, supra, this court had said that this section confers on the foreign executor or administrator the privilege or liberty of suing in our courts without taking out new letters here, and to exercise all the rights and privileges which he would have done if duly appointed and qualified in this state, subject to the restrictions imposed in the section. Harris v. Moore, 72 Ala. 507; Hatchett v. Berney, 65 Ala. 39; Manly's Adm'r v. Turnipseed, 37 Ala. 522; Harrison v. Mahorner, 14 Ala. 829.

The mere fact that there was no statutory action for wrongful death prior to 1911 does not mean that the section should not apply if such a cause of action was created. The statute had been construed as conferring the right to maintain any action in the courts of this state. We find no limitation or suggestion that the section applies only to property except in the caption of § 151.

 We hold that the administratrix of William Andrew Hatas had the right to file this action under the wrongful death statute (Tit. 7, § 123) without complying with the provisions of Tit. 61, §§ 143 and 146.

Having reached this conclusion, it is not necessary to decide whether appellees Partin or Local No. 5, one or both, had waived their right to plead in abatement after entering a general appearance by the filing of a demurrer to the complaint.

 Appellees Partin and Local No. 5 contend that the complaint is faulty because it fails to show that the plaintiff sues "as" administratrix, citing Lucas v. Pittman, 94 Ala. 616, 10 So. 603. The Lucas case also holds that a complaint with this fault may be amended, and later cases held not only that the defect is amendable, but the court may look to the pleading as a whole to determine in what capacity the party sues, and if it appears therefrom that he sues in his representative capacity, the pleading will be sustained, even on demurrer. Baber v. McEntire, 223 Ala. 263, 135 So. 581, and cases there cited. This contention is without merit.

 Appellee, International Teamsters, filed cross-assignments of error charging that the trial court erred in refusing to quash service on them which was effected pursuant to the provisions of the nonresident motor vehicle statute, Tit. 7, § 199, Code 1940. The motion to quash was supported by affidavits denying ownership, operation or agency in connection with the vehicle driven by appellee Partin.

These matters are involved in the question of liability and are not to be determined before the parties are before the court. All of them are potentially jury questions and the trial court properly overruled the motion to quash. Dealer's Transport Co. v. Reese (CCA–5) 138 F.2d 638; Staunton v. Robbins, 136 Misc. 197, 239 N.Y.S. 565; Moorer v. Underwood, 194 S.C. 73, 9 S.E.2d 29.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.