This is an appeal from an order denying the defendant's motion for a summary judgment. Permission to appeal from the interlocutory order was granted pursuant to Rule 5, ARAP. *Page 466 
The issue is whether one who is not an administrator or executor of the estate of the deceased may maintain an action for wrongful death under Code 1975, § 6-5-410. An additional inquiry is whether, under the circumstances of this case, an amendment filed more than two years after the death of the deceased can relate back to the date suit was filed. The amendment purported to substitute as party plaintiff a person who was duly appointed administrator of the estate after the two year period had expired. We answer both of these questions in the negative and reverse the decision of the trial court.
The pertinent facts are that Johnnie E. Parker filed suit on November 23, 1977, against Downtown Nursing Homes, Inc., seeking damages for the wrongful death of his father, Eddie B. Parker, who died November 24, 1976.
Through discovery it was learned that Johnnie E. Parker had never been appointed executor or administrator of his father's estate. On February 5, 1979, more than two years after the death of the deceased, the plaintiff sought to amend the complaint to substitute as party plaintiff, Benjamin E. Pool, as administrator of the estate of Eddie B. Parker. Pool had not become administrator until February 5, 1979. This amendment was allowed. The defendant moved for summary judgment raising the points of law in question. The trial court denied summary judgment. This Court granted permission to appeal.
Our wrongful death statute, Code 1975, § 6-5-410, in pertinent part provides that:
 (a) A personal representative may commence an action. . . .
* * * * * *
 (d) Such action must be commenced within two years from and after the death of the testator or intestate.
This action is statutory and did not exist at common law.Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911). Under this statute the cause of action is vested in the personal representative who acts as an agent of legislative appointment for the purpose of effectuating public policy. And this right is vested in the personal representative alone, except in the case of minors. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912
(1911).
The words "personal representative" are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate.Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965).
The statute requires that the action must be brought within two years after the death of the testator or intestate. This two year period is part of the substantive cause of action and is not to be treated as a statute of limitations. The two year period is not a limitation against the remedy only because after two years the remedy expires. Nicholson v. LockwoodGreene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965);Louisville and N.R.R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681
(1911); Parker v. Fies Son, 243 Ala. 348, 10 So.2d 13 (1942).
In Strickland v. Mobile Towing and Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a suit was brought under the Jones Act one day prior to the expiration of the three year limitation period. The person bringing the suit was not appointed administrator until two days after the limitation period had expired.
In examining the Jones Act, 46 U.S.C.A. § 688, this Court found that the three year limitation period was a condition precedent to any right to bring an action. This is consistent with the construction that has been placed on the limitation period found in the Alabama wrongful death statute.
This Court held that any action by the administrator occurring prior to his appointment was a nullity and therefore there was nothing to which an amendment could relate back.
In the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15 (c), ARCP, does not apply. *Page 467 
The decision of the trial court dismissing defendant's motion for summary judgment is reversed and the trial court is directed to render a judgment in conformity with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.