The plaintiffs appeal from a summary judgment in favor of the defendants, Dr. Steven Hipp and Dr. Michael J. Rosner.
The plaintiffs, Johnny and Joseph Waters, filed a wrongful death action against the defendants on April 1, 1991, based on the death of Jeanne Carol Waters on April 2, 1989. The suit was filed in the names of *Page 982 
the husband and child of the adult deceased instead of in the name of an executor or administrator of the estate of the deceased. No proceedings had been filed in the probate court for the appointment of an executor or an administrator. See § 6-5-410, Ala. Code 1975.
A wrongful death action is purely statutory; no such action existed at common law. Simmons v. Pulmosan Safety EquipmentCorp., 471 F. Supp. 999 (S.D.Ala. 1979). Section 6-5-410
provides that the personal representative of the deceased may bring a wrongful death action. A "personal representative," for the purposes of § 6-5-410, is an executor or an administrator.Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965). One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity. DowntownNursing Home, Inc. v. Pool, 375 So.2d 465 (Ala. 1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).
The summary judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX and SHORES, JJ., concur.
HOUSTON, J., concurs in the result.