PER CURIAM.
Hubbard Properties, Inc., and Warrior Gardens, LLC (“the defendants”), filed a petition for a writ of mandamus requesting that this Court direct the Jefferson Circuit Court to vacate its order denying their motion for a summary judgment and to enter a summary judgment in their favor on the ground that the action filed against them is a nullity. We grant the petition and issue the writ.

Facts and Procedural History

Louis Chatman was married to Carolyn Chatman and was a resident of the Warri- or Gardens Apartments, which the defendants owned and operated. On June 27, 2011, there was a fire in the apartment where Louis resided. He was not able to escape and ultimately died in the fire.
The Jefferson Probate Court issued letters of administration regarding Louis’s estate to Elizabeth W. McElroy, the county administrator, on June 11, 2013. Nevertheless, on June 26, 2013, Carolyn, purporting to act as the “attorney in fact for Louis Chatman, an individual,” filed a wrongful-death action against Hubbard Properties, Inc., Warrior Gardens, LLC, and various fictitiously named defendants. The complaint alleged that, as a proximate result of the defendants’ negligence and/or wantonness, Louis suffered injuries that resulted in his death.
On January 23, 2014, Carolyn filed a motion to substitute parties, seeking to substitute Elizabeth W. McElroy, as ad-ministratrix of the estate of Louis Chat-man, as the plaintiff. The trial court granted the motion that same day.
On January 13, 2015, the defendants filed a motion for a summary judgment. After McElroy responded, the trial court denied the motion for a summary judgment. This petition followed.

Standard of Review

“““The writ of mandamus is a drastic and extraordinary writ, to be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Sta *1213 tions, Inc., 628 So.2d 501, 503 (Ala.1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala.1995).’ Ex parte Carter, [807 So.2d 534,] 536 [ (Ala.2001) ].”
‘“Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001).
“ ‘ “Subject to certain narrow exceptions ..., we have held that, because an ‘adequate remedy’ exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002).’
“Ex parte Kohlberg Kravis Roberts & Co., L.P., 78 So.3d 959, 965-66 (Ala.2011). ‘Mandamus review is available where the petitioner challenges the subject-matter jurisdiction of the trial court based on the plaintiffs alleged lack of standing to bring the lawsuit.’ Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala.2007).”
Ex parte Rhodes, 144 So.3d 316, 317-18 (Ala.2013).

Discussion

The defendants argue that the trial court should have granted their motion for a summary judgment alleging that the action Carolyn filed is a nullity. Specifically, they contend that only the administrator or executor of a decedent’s estate can maintain a wrongful-death action and that Carolyn had never been appointed Louis’s administrator or executor. In fact, the defendants point out that MeElroy was appointed the administratrix of Louis’s estate before Carolyn filed the action. Therefore, they conclude that, because Carolyn did not have the requisite authority to pursue a wrongful-death action on behalf of Louis’s heirs, see § 6-5-410, Ala. Code 1975, the action she filed is a legal nullity and a substitution of MeElroy as the plaintiff was not sufficient to overcome that fatal error.
In Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992), this Court explained:
“A wrongful death action is purely statutory; no such action existed at common law. Simmons v. Pulmosan Safety Equipment Corp., 471 F.Supp. 999 (S.D.Ala.1979). Section 6-5-410 provides that the personal representative of the deceased may bring a wrongful death action. A ‘personal representative,’ for the purposes of § 6-5^10, is an executor or an administrator. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965). One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity. Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).”
In this case, the undisputed evidence establishes that MeElroy was appointed the administratrix of Louis’s estate 15 days before Carolyn filed the wrongful-death action. Therefore, Carolyn was without the authority to file the wrongful-death action, and that action is a nullity. See Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1042-43 (Ala.2013) (“The statute providing for a wrongful-death action, § 6-5-410(a), Ala.Code 1975, allows only a personal representative of the deceased’s estate to bring such an action.”); see also Waters, supra. Finally, because the action is a nullity, MeElroy could not be substituted as the plaintiff. See generally Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979) (“In the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representa *1214 tive this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), [Ala. R. Civ. P.], does not apply.”).

Conclusion

For the above-stated reasons, we conclude that the action Carolyn filed is a nullity and that the substitution of McEl-roy as the plaintiff was not sufficient to overcome that fatal error. Therefore, we grant the petition for the writ of mandamus and direct the trial court to vacate its order denying the defendants’ motion for a summary judgment and to enter a summary judgment in their favor.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, and MAIN, JJ., concur.
SHAW, J., concurs specially.
MOORE, C.J., and MURDOCK, WISE, and BRYAN, JJ., dissent.