PER CURIAM.
Northstar Anesthesia of Alabama, LLC (“Northstar”), and Maria Bolyard, CRNA; Parkway Medical Clinic, Inc., d/b/a Parkway Medical Center (“Parkway”); and Jeffrey Markham, M.D. (“Dr. Markham”) (hereinafter collectively referred to as “the appellants”), filed three petitions for a permissive appeal, pursuant to Rule 5, Ala. R.App. P., from the Morgan Circuit Court’s orders denying the appellants’ motions for a summary judgment in a wrongful-death action brought by Paula B. Noble (“Paula”), as personal representative of the estate of Thomas A. Noble (“Thomas”), deceased, against the appellants.

I. Facts and Procedural History

The facts are undisputed. On November 18, 2011, Thomas died. On January 9, *1046 2012,'Paula filed a petition in the Morgan Probate Court (“the probate court”) for letters of administration, seeking to be appointed the personal representative of Thomas’s, estate. On January 18, 2012, the probate court granted Paula’s petition and appointed her personal representative of Thomas’s estate. On the same day, the probate court also issued letters of administration to Paula.
On August 10, 2012, Paula filed a petition for a consent settlement of Thomas’s estate, seeking to close the estate; Paula specifically requested that she be discharged as the personal representative. On August 16, 2012, the probate court granted Paula’s petition and, among other things, ordered that “said Personal Representative be discharged and released.” •
On November 15, 2013, Paula, on behalf of Thomas’s heirs at law, after being discharged and released as the personal representative of Thomas’s estate, filed a wrongful-death action against the appellants under § 6-5-410, Ala.Code 1975. On November 18, 2013, the two-year limitations period for bringing a wrongful-death action set forth in § 6-5-410(d), Ala.Code 1975, expired: “(d) The [wrongful-death] action must be commenced within two years from and after the death of the testator or intestate.”
On December 16, 2013, having become aware of the fact that she lacked the representative capacity to maintain the wrongful-death action because she had been discharged and released as the personal representative of Thomas’s estate before she commenced the action, Paula filed a petition to “re-open” Thomas’s estate “so that she [could] continue as Personal Representative” for purposes of pursuing the wrongful-death action she filed on November 15, 2013. On the same day, the probate court entered an order in which it “re-appointed” Paula as the personal representative of Thomas’s estate and “re-issued” “the Original Letters of Administration” for the purpose of pursuing the wrongful-death litigation.
On December 30, 2013, Parkway filed an answer to Paula’s complaint; Parkway did not allege in its answer that Paula lacked the representative capacity to bring the wrongful-death action. On January 17, 2014, Dr. Markham also filed an answer to Paula’s complaint; Dr. Markham did not allege in his answer that Paula lacked the representative capacity to bring the wrongful-death action. On June 6, 2014, Northstar and Bolyard filed an answer to Paula’s complaint asserting, among other defenses, that Paula lacked the representative capacity to bring the wrongful-death action.
On April 24, 2015, Northstar and Bol-yard filed a motion for a summary judgment. Northstar and Bolyard argued that the wrongful-death action brought by Paula is a nullity because Paula was not the personal representative of Thomas’s estate at the time she filed the complaint. Northstar and Bolyard further argued that Paula’s action is barred because she was not reappointed as personal representative of Thomas’s estate until December 16, 2013, which is beyond the two-year limitations period set forth in § 6-5-410(d). Parkway and Dr. Markham also filed motions for a summary judgment asserting the same grounds.
On May 29, 2015, Paula filed a response to the appellants’ summary-judgment motions. Paula argued that the wrongful-death action is not a nullity and is not barred by the two-year limitations period in § 6-5-410(d) because, she argued, even though she was not the personal representative at the time she commenced the wrongful-death action, her reappointment as personal representative of Thomas’s estate related back to the time of Thomas’s *1047 death, to the date she filed her original petition for letters of administration, or to the date the probate court originally appointed her as personal representative of Thomas’s estate. Paula also argued that Parkway and Dr. Markham “failed to plead any affirmative defense of lack of capacity and ... therefore waived their ability to avail themselves of that affirmative defense.”
On June 19, 2015, the circuit court denied the appellants’ summary-judgment motions. The circuit court concluded that Paula “was personal representative at the time this wrongful death action was filed because [Paula] was established as personal representative and was never thereafter removed or replaced.”
On July 9, 2015, Paula filed an amended complaint setting forth the additional fact that the probate court had reappointed her as personal representative of Thomas’s estate. The appellants subsequently filed answers to Paula’s amended complaint.
On July 24, 2015, the circuit court granted the appellants permission to appeal the circuit court’s denial of their summary-judgment motions pursuant to Rule 5, Ala. R.App. P. The appellants then filed petitions for permission to appeal with this Court, which this Court granted.

II. Standard of Review

“ ‘Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995). Here, in reviewing the denial of a summary judgment when the facts are undisputed, we review de novo the trial court’s interpretation of statutory language and our previous caselaw on a controlling question of law.’ ”
Wood v. Wayman, 47 So.3d 1212, 1215 (Ala.2010)(quoting Continental Nat’l Indent. Co. v. Fields, 926 So.2d 1033, 1035 (Ala.2005)).

III. Discussion

This Court has stated the following with regard to permissive appeals:
“In the petition for a permissive appeal, the party seeking to appeal must include a certification by the trial court that the interlocutory order involves a controlling question of law, and the trial court must include in the certification a statement of the controlling question of law. Rule 5(a), Ala. R.App. P. In conducting our de novo review of the question presented on a permissive appeal, ‘this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a).’ BE&K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala. 2003).,..”
Alabama Powersport Auction, LLC v. Wiese, 143 So.3d 713, 716 (Ala.2013). In the present case, the circuit court certified the following controlling question of law:
“Is a wrongful death complaint filed by a person who had been appointed as the personal representative of the estate of the deceased (‘the estate’) a nullity when (1) the person was appointed personal representative of the estate on January 18, 2012, within two years of the death of the deceased; (2) the estate was closed and the person was discharged and released of her fiduciary duties and fiduciary capacity with regard to probate administration matters by order of the Probate Court on August 16, 2012; (3) no other person was appointed personal representative and no other probate matters were pursued; (4) the person, who had previously been *1048 appointed to serve as personal representative of the estate, filed the complaint on November 15, 2013, within two years of the death of the deceased; and (5) the estate was re-opened and letters of administration were re-issued to the person on December 16, 2013, more than two years after the death of the deceased?”
Initially, we note that “a wrongful-death action in Alabama brought pursuant to § 6-5-410, Ala. Code 1975, a cause of action unknown at common law, is purely statutory and that this Court’s role is to strictly enforce the wrongful-death statute as written, and intended, by the legislature.” Alvarado v. Estate of Kidd, 205 So.3d 1188, 1192 (Ala.2016)(Bolin, J., concurring specially). Section 6-5-410 states, in pertinent part:
“(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.”
(Emphasis added.) In Ex parte Hubbard Properties, Inc., 205 So.3d 1211, 1213 (Ala. 2016), this Court reaffirmed the following principles set forth in Waters v. Hipp, 600 So.2d 981 (Ala.1992), concerning the language in § 6-5-410 that only a personal representative may commence a wrongful-death action:
“In Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992), this Court explained:
“ ‘A wrongful death action is purely statutory; no such action existed at common law. Simmons v. Pulmosan Safety Equipment Corp., 471 F.Supp. 999 (S.D.Ala.1979). Section 6-5-410 provides that the personal representative of the deceased may bring a wrongful death action. A “personal representative,” for the purposes of § 6-5-410, is an executor or an administrator. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965). One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity. Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).’ ”
The appellants initially argue that Paula’s wrongful-death action is a nullity because Paula was not the personal representative of Thomas’s estate on November 15, 2013, when she filed the complaint in the wrongful-death action. The appellants argue that, even though Paula had been the personal representative of Thomas’s estate at one time, Paula was discharged and released as the personal representative of Thomas’s estate by the probate court’s August 16, 2012, order.
Paula argues that the probate court’s August 16, 2012, order should be read as discharging and releasing her from only the administrative matters regarding Thomas’s estate. Paula notes that this Court’s precedent very clearly states that a wrongful-death action is not brought on behalf of the estate of the deceased and that any damages awarded in such an action do not benefit the estate. Therefore, Paula argues, the probate court’s August 16, 2012, order discharged and released her only from her role as personal repre *1049 sentative concerning administrative matters that benefit the estate. Paula argues that this Court should not read the probate court’s August 16, 2012, order as discharging and releasing her as personal representative for purposes of bringing a wrongful-death action on behalf of Thomas’s heirs at law.
Paula’s argument is not persuasive. The probate court’s August 16, 2012, order was a final judgment; it closed Thomas’s estate and discharged and released Paula from her responsibilities as personal representative. The probate court’s order broadly states that “said Personal Representative be discharged and released.” Nothing in the probate court’s order holds Thomas’s estate open for any reason or limits the court’s discharge and release of Paula as the personal representative of the estate. The probate court’s order is clear and unambiguous; Paula was discharged and released as personal representative for all purposes. As the appellants note in their briefs before this Court: “It appears axiomatic that one who may act only upon authority of a court appointment, may not continue to act after such authority has terminated, whether by death, resignation or by order of discharge or removal.” Humphrey v. Boschung, 47 Ala.App. 310, 315, 253 So.2d 760, 765 (1970).
As set forth above, a wrongful-death action may be brought only by a legally appointed “personal representative.” § 6-5-410(a). In Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979), this Court explained that “[t]he words ‘personal representative’ are broader in some respects, but when used in [§ 6-5-410], they can only mean the executor or administrator of the injured testator or intestate. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965).” See also Waters, 600 So.2d at 982 (“A ‘personal representative,’ for the purposes of § 6-5-410, is an executor or an administrator.”). Paula had been discharged and released as the personal representative of Thomas’s estate before she filed the complaint in the wrongful-death action. Therefore, Paula was without authority on November 15, 2013, to commence the wrongful-death action, and it was a nullity.[1]
Next, we must consider the effect, if any, of the probate court’s “re-appointment” of Paula as the personal representative of Thomas’s estate on December 16, 2013. We note that Paula’s reappointment as personal representative of Thomas’s estate occurred after the expiration of the two-year limitations period for wrongful- *1050 death actions set forth in § 6-5^110(d). The appellants argue that, based on their successful argument that the -wrongful-death action is a nullity because Paula was not the personal representative of Thomas’s estate when she filed the complaint, Paula’s subsequent reappointment as personal representative is irrelevant because there is nothing for her reappointment to relate back to. Paula argues that her “reappointment as personal representative and the re-issuance of the original Letters of Administration on December 16, 2013 relate back to the date of [her] original Petition for Letters of Administration on January 9, 2012 or the filing of the original Complaint on November 15, 2013.”[2] Paula’s brief, at p. 36.
The appellants are correct. In Wood v. Wayman, 47 So.3d 1212 (Ala.2010), this Court held, as explained in Alvarado, “that relation back generally cannot be used to prevent a wrongful-death claim from being time-barred where the personal representative is appointed after the two-year limitations period has expired.” Alvarado, 205 So.3d at 1192. As further explained in Alvarado, there is one exception to this general rule: “A personal representative appointed after the limitations period has expired may relate the appointment back to the filing of the petition within the limitations period if the delay in appointment is due to inadvertence by the probate court, as in Ogle[ v. Gordon, 706 So.2d 707 (Ala.1997) ].” Alvarado, 205 So.3d at 1192.
In the present ease, Paula cites Ogle v. Gordon, 706 So.2d 707 (Ala.1997), but she does not argue that the probate court’s inadvertence caused any delay in her being reappointed as the personal representative of Thomas’s estate. In fact, the only inadvertence was on Paula’s part, because she waited until after the two-year limitations period for brining a wrongful-death action had expired before she filed her petition to be reappointed as personal representative of Thomas’s estate. The probate court granted Paula’s petition on the same day she filed it. Therefore, the general rule set forth in Wood is applicable; the relation-back doctrine does not apply in this case.
We note that Paula argues that Wood, Waters, Pool, and Humphrey, among other cases, are “distinguishable from the present case and inapposite because those cases involved situations where no probate proceedings involving appointment of a personal representative had ever been initiated prior to the filing of the lawsuit or expiration of the two-year limitations period.” Paula’s brief, at p. 42. However, as explained above, this is not a significant factor in this case. Paula was not the personal representative of Thomas’s estate at the time she commenced the wrongful-death action.
We also note that Paula requests that we overrule Wood and Pool. We decline to do so. In fact, on January 29, 2016, in Alvarado, this Court reaffirmed the applicability of Wood, which relied upon Pool. On March 4, 2016, in Ex parte Hubbard Properties, this Court relied upon these same principles. Paula has not presented any convincing argument that would cause this Court to reverse course. As Justice Bolin stated in his special concurrence in Alvarado:
“[A]ny revision of the wrongful-death statute, § 6-5-410, to provide for the possibility of the invocation of the relation-back doctrine, or any other savings provision, is within the wisdom and re *1051 sponsibility of the legislature and not a task for this Court. See, e.g., Thomas v. Grayson, 818 S.C. 82, 86, 456 S.E.2d 377, 379 (1995)(‘The rule prohibiting an amendment to relate back was established when the period of limitation was a part of the wrongful death act. The limitation period has been moved from the wrongful death act to the general statute for limitation of civil actions. § 16—8—530(6)[, Ala.Code 1975]. This change indicates a legislative intent to no longer consider it a condition precedent to a wrongful death action, but rather a statute of limitations that would allow the relation back of an amendment.’).”
205 So.3d at 1197 (Bolin, J., concurring specially). The result in this case is mandated by the plain language of § 6-5-410; only the legislature has the authority to amend § 6-5-410.
Accordingly, we answer the controlling question of law certified by the circuit court in the affirmative: Paula’s complaint is a nullity. The relation-back doctrine does not apply to save it.
We note that Paula also argues that Parkway and Dr. Markham “never pleaded or asserted, and therefore waived, any affirmative defense related to Paula Noble’s alleged lack of capacity or standing to bring and maintain this wrongful death action.” Paula’s brief, at p. 31. Paula argues that, “[a]s a necessary precedent to claiming or proving that Paula[’s] wrongful death lawsuit is a nullity, ... Markham and Parkway must challenge [Paula’s] capacity and/or standing to bring and maintain this wrongful death action by asserting an affirmative defense averring such an alleged lack of capacity or standing in this case.” Id. We do not find Paula’s argument convincing.
As explained above, Paula’s initial complaint is a nullity. A “nullity” is “[n]othing; no proceeding; an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect.” Black’s Law Dictionary 1067 (6th ed.1990). As a result, the appellants were not under an obligation to raise the affirmative defense of capacity because the filing of Paula’s complaint was “an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect.” In short, a nullity is a nullity and there is no need for one to timely assert an affirmative defense to it. This is in accord with our opinion released just four months ago stating the same proposition. Ex parte Hubbard Properties, supra (holding that a wrongful-death action commenced by a person who was not a personal representative was a nullity); see also Waters, 600 So.2d at 982 (“One who sues under [Ala.Code 1975, § 6-5-410,] without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity.”); and Pool, 375 So.2d at 466 (holding that, because the person who commenced the wrongful-death action “did not qualify under § 6-5-410 as a personal representative this suit was a nullity”).[3]

*1052
IV. Conclusion

Based on the foregoing, we reverse the circuit court’s order denying the appellants’ summary-judgment motions and remand the case for proceedings consistent with this opinion.
1141158— MANDED. -REVERSED AND RE-
1141166— MANDED. -REVERSED AND RE-
1141168--REVERSED AND REMANDED.
STUART, BOLIN, PARKER, and MAIN, JJ., concur.
SHAW, J., concurs in the result.
MURDOCK, WISE, and BRYAN, JJ., dissent.

. Although its decision is not binding on this Court, we note that in Nailen v. Ford Motor Co., 690 F.Supp. 552 (S.D.Miss.1988), the United States District Court for the Southern District of Mississippi reached the same conclusion in applying § 6-5-410 to nearly identical facts:
“Whether or not this action has been brought by a personal representative of the estate cannot be disputed. The plaintiff was at one time the administrator of [the deceased's] estate; however, the deceased’s estate was closed and the plaintiff was discharged and released as administrator some seventeen (17) months prior to the filing of this action. In Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979), it was determined that the term 'personal representative’, as it is used in the wrongful death statute, means the executor or administrator of the testator or intestate. The Pool court further concluded that the person filing suit must be the personal representative at the time of filing and that amendments to substitute the personal representation or to otherwise comply after suit was filed, would not preclude dismissal of the action. Id. at 466. In light of Pool, it is obvious that this suit must be dismissed, if for no other reason than because the plaintiff was not the personal representative of the deceased’s estate at the time suit was filed.”
690 F.Supp. at 556.

. We note that Paula does not argue on appeal, as she did in the circuit court, that her reappointment as personal representative of Thomas’s estate relates back to the time of Thomas’s death.

. Paula relies upon Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979), in making her argument. Alabama Power, however, is distinguishable. In Alabama Power, a plaintiff commenced an action under § 25-5-11, Ala.Code 1975, a part of the Workers’ Compensation Act. This Court addressed the following issue:
"Does ‘dependents,’ as used in [Ala.] Code 1975, § 25-5-11(a), require proof by the plaintiff as an essential element of her prima facie case that she is a dependent of the deceased employee, or does this term *1052 have reference to the capacity of a party to bring the action ... ?”
Alabama Power, 377 So.2d at 931. In the present case, Paula brought an action under § 6-5-410, and the question before us is whether that action is a nullity. The present case in no way implicates § 25-5-11 or the Workers' Compensation Act.