SHAW, Justice
(concurring in the result).
The main opinion holds that the wrongful-death action brought by Paula B. Noble is a nullity. I agree; this holding is in accord with an opinion released just four months ago stating the same proposition. Ex parte Hubbard Props., Inc., 205 So.3d 1211 (Ala.2016) (holding that a wrongful-death action commenced by a person who was not the personal representative was a nullity). See also Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992) (“One who sues under [Ala.Code 1975, § 6-5-410,] without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity.”); and Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979) (holding that because the person who commenced the wrongful-death action “did not qualify under § 6-5-410 as a personal representative this suit was a nullity”).
This Court has held that the doctrine of “relation back” does not apply when someone who is not the personal representative[4] commences a wrongful-death action and the proper person is later substituted as the plaintiff. There are several reasons for this. Because the original filing is a nullity, there is nothing to relate back to. Ex parte Hubbard Properties, supra; Alvarado v. Estate of Kidd, 375 So.3d 465 (Ala.2016); and Downtown Nursing Home, 375 So.2d at 466 (“In the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity, Therefore, the doctrine of relation back, found in Rule 15(c), [Ala. R. Civ. P.], does not apply.”). See also Wood v. Wayman, 47 So.3d 1212 (Ala.2010) (holding that the appointment of a personal representative accomplished after the limitations period did not relate back to filing of the wrongful-death complaint). Additionally, as extensively discussed in Justice Bolin’s special writing in Alvarado, the failure of the personal representative to initiate a wrongful-death ac *1053 tion means that the action never actually commenced. Alvarado, 205 So.3d at 1193 (Bolin, J., concurring specially). Moreover, the limitations period in § 6-5-410 is not a statute of limitations but instead is “a nonclaim bar to recovery,” Ogle v. Gordon, 706 So.2d 707, 708 (Ala.1997), the expiration of which extinguishes the cause of action itself. Ex parte FMC Corp., 599 So.2d 592, 594 (Ala.1992) (“It is well settled that the time limitation set out in § 6-5^410(d) is part of the substantive cause of action.... The two-year period is not a limitation against the remedy only, because after two years the cause of action expires.”). For these reasons, the subsequent substitution of the proper party does not “relate back” to the initial attempt to commence the action. Ex parte Hubbard Properties, supra; Alvarado, supra; Wood, supra; and Downtown Nursing Home, supra. See also City of Birmingham v. Davis, 613 So.2d 1222, 1224 (Ala. 1992) (holding that the doctrine of “ ‘relation back’ and other procedural rules designed to ‘heal’ violations of the statute of limitations cannot ‘heal’ violations of’ a nonclaim bar to recovery). In fact, in Hubbard Properties, this Court stated that there cannot even be a substitution of another party because the action is a nullity in the first place. 205 So.3d at 1213.
This Court, in Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979), addressed the following issue:
“Does ‘dependents,’ as used in [Ala.] Code 1975, § 25-5-ll(a), require proof by the plaintiff as an essential element of her prima facie case that she is a dependent of the deceased employee, or does this term have reference to the capacity of a party to bring the action ... ?”
Alabama Power, 377 So.2d at 931. As I recently explained, the issue whether one is a “dependent” within the context of the Workers’ Compensation Act is different from the issue whether one is a “personal representative” under the wrongful-death statute:
“The respondent cites Ex parte Tyson Foods, Inc., 146 So.3d 1041 (Ala.2013), for the proposition that Carolyn merely lacked capacity to commence the [wrongful-death] action [under § 6-5-410] and, therefore, that the substitution of the personal representative of Louis’s estate as the plaintiff ‘relates back’ to the filing date of the complaint. Tyson dealt with whether the proper person had commenced a wrongful-death action under the additional strictures found in the Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq. In that case, the personal representative filed the complaint, which would properly commence the action under Ala.Code 1975, § 6-5-410, the wrongful-death statute. However, Ala.Code 1975, § 25-5-11, a part of'the Workers’ Compensation Act, requires that a ‘dependent ’ file the complaint; the personal representative in that case was not a dependent. A dependent was not substituted as a plaintiff until after the two-year ‘non-claim bar to recovery” in the wrongful-death statute had expired. See Ogle v. Gordon, 706 So.2d 707, 708 (Ala.1997) (noting that ‘this Court has held that the wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a non-claim bar to recovery, and that it is not subject to tolling provisions’).
“The issues in Tyson were whether the personal representative simply lacked capacity under the Workers’ Compensation Act and whether a dependent could be substituted as the proper plaintiff and, if so, whether the substitution would ‘relate back’ to the date the complaint was filed. Nevertheless, the *1054 action had been properly commenced for purposes of the wrongful-death statute.”
Ex parte Hubbard Properties, 205 So.3d at 1214 (Shaw, J., concurring specially).[5]
Paula’s second appointment as personal representative occurred after the limitations period had expired and does not relate back to the initial, timely filing of the complaint in the wrongful-death action because that initial filing was a nullity; the action never commenced in the first place; and after the limitations period expired without a personal representative commencing the action, the came of action expired.

. The term "personal representative” is not defined in § 6-5-410, but our caselaw has interpreted the phrase to include "executors and administrators.” Waters v. Hipp, 600 So.2d at 982, and Hatas v. Partin, 278 Ala. 65, 67, 175 So.2d 759, 761 (1965). See also Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 718 (Ala.2009) (holding that an administrator ad litem is a "personal representative” for purposes of prosecuting a wrongful-death action).

, To the extent that the prior decisions cited in Alabama Power discuss the lack of a requirement to plead and prove that one is a personal representative for purposes of the wrongful-death statute, and such discussion indicates that the issue is one of "capacity,” the more recent caselaw discussed above has called any such inference into question. If Alabama Power intended to hold that the failure of the personal representative to commence a wrongful-death action is a waivable issue of capacity, then it is contrary to Downtown Nursing Home, which was released the same day, and which held that such failure resulted in a “nullity” and that there could be no relation back.