PER CURIAM.
Providence Hospital and Bio-Medical Applications of Alabama, Inc., d/b/a BMA Magnolia a/k/a Fresenius Medical Care Magnolia Grove (hereinafter referred to collectively as “the defendants”) separately petitioned this Court for a writ of mandamus directing the Mobile Circuit Court to enter a summary judgment in their favor. Because we conclude that the wrongful-death action filed against the defendants is a nullity, we grant the petitions.
Pamela G. Howard (“Pamela”) died on September 24, 2012. One of Pamela’s sons, Michael Darrick Howard (“Darrick”), petitioned the probate court to probate her will and to grant him letters testamentary. Attached to Darrick’s petition was a document in which Pamela’s other son, William Corey Howard (“Corey”), agreed that Dar-rick should be granted letters testamentary. On January 6, 2014, the probate court granted Darrick letters testamentary, establishing him as the personal representative of Pamela’s estate. Under § 6-5-410, Ala.Code 1975, only Darrick, as personal representative, had the authority to bring a wrongful-death action. See Ex pcurie Hubbard Props., Inc., 205 So.3d 1211 (Ala. 2016).
On June 26, 2014, Corey filed a wrongful-death action against the defendants, which had provided health-care services to Pamela shortly before her death. On September 26, 2014, more than two years after Pamela’s death, the defendants filed separate motions for a summary judgment; they argued, among other things, that Corey’s wrongful-death action was a nullity because it had not been initiated by Darrick, the personal representative of Pamela’s estate. A few days later, Corey filed a motion under Rule 17(a), Ala. R. Civ. P., to substitute Darrick as the plaintiff. The trial court held a hearing on the defendants’ summary-judgment motions and on Corey’s motion to substitute Darrick as the plaintiff. On December 2, 2015, the trial court denied the summary-judgment motions and ordered the substi *422 tution of Darrick as the plaintiff. The defendants then filed their separate petitions for a writ of mandamus asking this Court to direct the trial court to enter a summary judgment in their favor.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
The defendants correctly argue that this case is “on all fours” with this Court’s recent decision in Ex parte Hubbard Properties, supra, which summarized the law regarding the effect of the filing of a wrongful-death action under § 6-5-410 by someone other than the personal representative and a subsequent effort to substitute the personal representative as the plaintiff. Ex parte Hubbard Properties demonstrates that Corey’s wrongful-death action is a nullity and that the defendants are entitled to a summary judgment.
In Ex parte Hubbard Properties, after the decedent’s death, letters of administration were issued to the county administrator, making her the personal representative of the decedent’s estate. The decedent’s widow then filed a wrongful-death action under § 6-5-410 as the decedent’s “attorney in fact.” However, under that statute, the personal representative, not the decedent’s widow, is the proper party to file a wrongful-death action. More than two years after the decedent’s death, the decedent’s widow sought to substitute the personal representative as the plaintiff in her wrongful-death action, and the trial court allowed the substitution. The defendants filed a motion for a summary judgment, which the trial court denied. The defendants then filed a petition for a writ of mandamus with this Court, arguing that the wrongful-death action was a nullity because it had not been filed by the personal representative and that the personal representative could not be substituted as the plaintiff. We agreed, explaining:
“In Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992), this Court explained:
“ ‘A wrongful death action is purely statutory; no such action existed at common law. Simmons v. Pulmosan Safety Equipment Corp., 471 F.Supp. 999 (S.D.Ala.1979). Section 6-5-410 provides that the personal representative of the deceased may bring a wrongful death action. A “personal representative,” for the purposes of § 6-5-410, is an executor or an administrator. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965). One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity. Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).’
“In this case, the undisputed evidence establishes that [the personal representative] was appointed the administratrix of [the decedent’s] estate 15 days before [the decedent’s widow] filed the wrongful-death action. Therefore, [the decedent’s widow] was without the authority to file the wrongful-death action, and that action is a nullity. See Ex parte Tyson Foods, Inc., 146 So.3d 1041,1042-43 (Ala.2013) (‘The statute providing for a wrongful-death action, § 6-5-410(a), *423 Ala.Code 1975, allows only a personal representative of the deceased’s estate to bring such an action.’); see also Waters, supra. Finally, because the action is a nullity, [the personal representative] could not be substituted as the plaintiff. See generally Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979) (Tn the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), [Ala. R. Civ. P.], does not apply.’).
“... [W]e conclude that the action [the decedent’s widow] filed is a nullity and that the substitution of [the personal representative] as the plaintiff was not sufficient to overcome that fatal error .... ”
Ex parte Hubbard Properties, 205 So.3d at 1213-14.
Ex parte Hubbard Properties is materially indistinguishable from this case. Dar-rick was appointed personal representative of Pamela’s estate; thus, Darrick was the only person with the authority to file a wrongful-death action under § 6-5-410.[1] However, Corey filed the wrongful-death action. Because Corey lacked the authority to file the wrongful-death action, that action is a nullity, like the action in Ex parte Hubbard Properties. Further, because the action is a nullity, Darrick could not be substituted as the plaintiff.
Corey, however, argues that this case is distinguishable from Ex patte Hubbard Properties. He argues that, unlike the personal representative in Ex parte Hubbard Properties, Darrick authorized Corey to bring the wrongful-death action under § 43-2-843(17), Ala.Code 1975, which allows a personal representative to employ an agent to perform “any act of administration.” The defendants, however, argue that § 43-2-843(17) is inapplicable. Corey contends that we may not consider the defendants’ argument addressing § 43-2-843(17) because they did not present those arguments in the trial court or in their mandamus petitions. The defendants first directly addressed the applicability of § 43-2-843(17) in their reply briefs filed in this Court in response to Corey’s argument that that statute is applicable. Thus, Corey argues that we should accept his argument that § 43-2-843(17) authorized Darrick to employ Corey to file the wrongful-death action as uncontroverted and deny the defendants’ petitions on that basis.
Typically an appellant or a petitioner may not present an argument that was not raised in the trial court or that was presented to this Court for the first time in a reply brief. Birmingham Bd. of Educ. v. Boyd, 877 So.2d 592, 594 (Ala. 2003). However, those prohibitions are inapplicable here. In the trial court, Corey argued that § 43-2-843(17) allowed him to file the wrongful-death action despite the fact that he was not the personal representative. That argument was a secondary one, and, significantly, it was not a basis of the trial court’s December 2, 2015, order, which was founded on a separate argument made by Corey. Although the defendants did not mention § 43-2-843(17) in their arguments to the trial court, they essentially addressed Corey’s argument regarding § 43-2-843(17) by maintaining that the action commenced by Corey is simply a nullity because only a personal *424 representative may file a wrongful-death action under § 6-5-410. See, e.g., Ex parte Hubbard Properties. Further, the defendants cannot be faulted for failing to discuss § 43-2-843(17) in their mandamus petitions because that statute was not a basis of the trial court’s. order, which was grounded on another argument made by Corey. Finally, the defendants in their reply briefs are allowed to respond to arguments raised by Corey in his brief, including the argument that § 43-2-843(17) is applicable. “[I]t is well settled that ‘where an appellee raises a[n] argument not addressed by the appellant in its opening brief, the appellant may reply.’ ” McCray v. Fidelity Nat’l Title Ins. Co., 682 F.3d 229, 241 (3d Cir.2012) (quoting Bennett v. Tucker, 827 F,2d 63, 69-70 n. 2 (7th Cir.1987)). The defendants’ arguments regarding the applicability of § 43-2-843(17) are therefore properly before us.
We now turn to the merits of Corey’s argument that this case is- distinguishable from Ex parte Hubbard Properties based on the application of § 43-2-843(17), which is a part of the Probate Procedure Act, § 43-2-830 et seq., Ala.Code 1975, Corey argues that, unlike the personal representative in Ex parte Hubbard Properties, Darrick authorized Corey to bring the wrongful-death action under § 43-2-843(17). Section 43-2-843 provides, in pertinent part:
“Except as restricted or otherwise provided by the will or by an order of court and subject to the priorities stated in Section 43-8-76, a personal representative, acting prudently for the benefit of the interested persons, may properly:
[[Image here]]
“(17) Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advis-ors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.”
(Emphasis added.) Corey argues that § 43-2-843(17) allowed Darrick, as the personal representative of Pamela’s estate, to appoint Corey as Darrick’s agent to bring the wrongful-death action. Corey cites his and Darrick’s affidavits as evidence of such an appointment. In their affidavits, Corey and Darrick testified that they had mistakenly believed that they were both personal representatives of the estate and that they had agreed that Corey would be responsible for filing the wrongful-death action.
However, § 43-2-843(17) does not apply to this wrongful-death action. Section 43-2-843(17) allows the personal representative to employ an agent “to perform any act of administration,” and filing a wrongful-death action is not an “act of administration.” “In [a wrongful-death action], the personal representative acts as agent of legislative appointment” and, upon recovery, “acts as a quasi trustee for those who are entitled thereto under the statute of distribution. Such damages are not subject to administration and do not become a part of the deceased’s estate.” United States Fid. & Guar, Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So,2d 615, 621 (1973).
“[The wrongful-death] statute authorizes suit to be brought by the personal representative for a definite legislative purpose—to prevent homicide. In prosecuting such actions, the personal repre *425 sentative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent.”
Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965). This is a long-established principle in Alabama law. Discussing an earlier version of Alabama’s wrongful-death statute, this Court observed that the legislature has
“impose[d] upon the administrator a trust separate and distinct from the administration. The trust is not for the benefit of the estate, but of the widow, children, or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator.”
Hicks v. Barrett, 40 Ala. 291, 293 (1866) (discussing Ala.Code of 1852, § 1938). See also Wood v. Wayman, 47 So.3d 1212, 1217 (Ala.2010) (concluding that the relation-back provision of § 43-2-831, Ala.Code 1975, a part of the Probate Procedure Act, did not apply to a wrongful-death action brought under § 6-5-410); and Ex parte Rodgers, 141 So.3d 1038, 1043 (Ala.2013) (concluding that a part of the Probate Procedure Act, § 43-2-848, Ala.Code 1975, which entitles the personal representative to compensation for services, did not allow a personal representative to be compensated from the proceeds recovered in a wrongful-death action).
Thus, § 43-2-843(17), because it concerns acts of administration, does' not apply to a wrongful-death action. Therefore, that statute does not alter our determination that this case is materially indistinguishable from Ex parte Hubbard Properties. Accordingly, there is no need for us to determine whether the facts indicate that Corey was actually acting as Darrick’s agent under § 43-2-843(17) when Corey filed the wrongful-death action.
The wrongful-death action filed by Corey is a nullity, and, because the action is a nullity, Darrick could not be substituted as the plaintiff. Ex parte Hubbard Properties. Therefore, we grant the petitions for the writ of mandamus and direct the trial court to enter a summary judgment in favor of the defendants.
1150362—PETITION GRANTED; WRIT ISSUED.
1150363—PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, SHAW, and MAIN, JJ,, concur.
MURDOCK, WISE, and BRYAN, JJ., dissent.

. This case concerns § 6-5-410, Alabama’s general wrongful-death statute. We note that § 6-5-391, Ala.Code 1975, which provides for a wrongful-death action based on the death of a minor, permits a father or mother to sue under that statute.