SHAW, Justice.
 

 This Court granted Affinity Hospital, L.L.C., d/b/a Trinity Medical Center, and David Brittin, R.N., defendants in the underlying wrongful-death action, permission to appeal from the trial court’s denial of their motion for a summary judgment on the claims of the plaintiff, Doris Williford, as administrator ad litem of the estate of Kristopher Mark Kean, deceased. See Rule 5, Ala. R.App. P. We affirm.
 

 
 *713
 

 Facts and Procedural History
 

 On February 25, 2006, Kristopher Mark Kean, who was experiencing suicidal thoughts, sought treatment at the emergency department of Baptist Medical Center-Montclair, now known as Trinity Medical Center. Kean was initially interviewed by Brittin, a registered nurse, and then asked to sit in a waiting area. Kean was later found dead in a restroom; he had hung himself with a belt.
 

 In February 2007, Kean’s mother, Mary Jane Whitman, petitioned the Jefferson County Probate Court to appoint the county administrator, Doris Williford, as administrator ad litem of Kean’s estate. Whitman alleged in the petition that at the time of his death Kean was unmarried and had no children, and that he had died intestate. Whitman further alleged that Kean had died under “unusual circumstances,” that his death required “further investigation,” and that Whitman desired to obtain medical records held by Trinity Medical Center “in order to determine whether there [were] grounds to assert a wrongful death claim on behalf of the estate of the decedent.” The probate court granted the petition and appointed Willi-ford as administrator ad litem of Kean’s estate.
 

 On July 23, 2007, Williford filed a wrongful-death action under Ala.Code 1975, § 6-5-410, in the Jefferson Circuit Court against Affinity Hospital, L.L.C., d/b/a Trinity Medical Center, and Brittin (hereinafter referred to collectively as “Trinity”). Trinity answered the complaint and later filed a motion for a summary judgment contending, among other things, that Williford, acting as an administrator ad litem of Kean’s estate and not as a “general administrator” appointed pursuant to Ala.Code 1975, § 43-2-42, lacked the authority to file the wrongful-death action.
 

 On April 15, 2008, Williford filed in the probate court a “Report of the Administrator ad Litem.” The report recited that Williford had received the medical records regarding Kean’s death, that “there were grounds to assert a wrongful death claim on behalf of the Estate,” and that Williford had filed such an action. Williford further petitioned “that she be appointed Administrator of the estate of Kristopher Mark Kean, deceased, so that the wrongful death claim may be pursued on behalf of the estate.” The probate court granted letters of administration to Williford that day.
 

 On April 16, 2008, Williford amended the complaint seeking to substitute the named plaintiff — Williford, as administrator ad li-tem — with “Doris Williford, General County Administrator as the Personal Representative and Administrator of the Estate of Kristopher Mark Kean,” i.e., to change the capacity in which she sued. The amendment to the complaint stated: “The purpose of this amendment is simply to substitute Doris Williford, General County Administrator as the Personal Representative and Administrator of the Estate of Kristopher Mark Kean, deceased, to maintain, continue and ratify the suit brought herein on behalf of the Estate.”
 

 Trinity filed a motion to dismiss the amended complaint, maintaining that the amendment was untimely. Specifically, Trinity contended that because Williford had filed the wrongful-death action in her capacity as administrator ad litem and not as a “general administrator,” the wrongful-death action was a nullity. Further, Trinity maintained that the amendment naming Williford as a “general administrator” was untimely because it was not filed within two years of Kean’s death as required by Ala.Code 1975, § 6-5-410(d), and could not relate back to the original filing of the complaint. The trial court denied Trinity’s motion to dismiss and also denied its previ
 
 *714
 
 ously filed motion for a summary judgment. However, the trial court, pursuant to Rule 5, Ala. R.App. P., certified the following as controlling questions of law and stated that an immediate appeal from its order denying the summary judgment would materially advance the ultimate termination of the litigation:
 

 “1. Did the administrator ad litem have the capacity to file this wrongful death suit in the first instance?
 

 “2. Has the two year statute of limitations [
 
 1
 
 ] for wrongful death expired at the time of the amendment, thereby barring the amendment?”
 

 (Capitalization in the original omitted.)
 

 We granted the petition for permission to appeal, and we now affirm the trial court’s denial of the motion for a summary judgment.
 

 Standard of Review
 

 Because this case involves only issues of law and no material disputed facts, our review is de novo.
 
 Padgett v. Conecuh County Comm’n,
 
 901 So.2d 678, 685 (Ala.2004). See also
 
 Alabama Republican Party v. McGinley,
 
 893 So.2d 337, 342 (Ala.2004) (“Questions of law are reviewed de novo.”);
 
 BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co.,
 
 891 So.2d 310, 312 (Ala.2004) (“This Court reviews de novo a trial court’s conclusions of law.”).
 

 Discussion
 

 On appeal, Trinity argues that Williford, as an administrator ad litem, did not possess the capacity or authority to file a wrongful-death action on behalf of Kean’s estate, which must be filed by the “personal representative” of the decedent. Ala. Code 1975, § 6-5-410. Further, Trinity contends that the later substitution of Williford as the “general administrator” of the estate, who, according to Trinity, would actually possess the capacity and authority to file the wrongful-death action, occurred after the two-year period for filing a wrongful-death action under § 6-5-410(d) had expired and did not relate back to the date of the initial filing. See
 
 Downtoum Nursing Home, Inc. v. Pool,
 
 375 So.2d 465, 466 (Ala.1979) (holding that one who is not an administrator or executor of the estate of the deceased may not maintain an action for wrongful death under § 6-5-410; an action filed by an improper party was a nullity and the relation-back doctrine did not apply to an attempt to amend the complaint and add a proper administrator after the two-year period for filing a wrongful-death action had expired). See also
 
 Brown v. Mounger,
 
 541 So.2d 463 (Ala.1989) (holding that because the purported personal representatives did not receive letters of administration within two years of the decedent’s death, they were prohibited from bringing a wrongful-death action). Therefore, Trinity concludes, Wil-liford’s action against it should be dismissed because it was not filed by the proper party originally and it is now too late to substitute the proper party.
 

 I.
 

 Alabama’s wrongful-death statute, Ala. Code 1975, § 6-5-410, states, in pertinent part:
 

 
 *715
 
 “(a) A
 
 personal representative
 
 may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.”
 

 Ala.Code 1975, § 6-5-410(a) (emphasis added). The term “personal representative” is not defined in § 6-5-410. Case-law, however, has interpreted the phrase to include “executors and administrators”:
 

 “Section 6-5-410 provides that the personal representative of the deceased may bring a wrongful death action. A ‘personal representative,’ for the purposes of § 6-5-410, is an executor or an administrator.... One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity.”
 

 Waters v. Hipp,
 
 600 So.2d 981, 982 (Ala.1992). See also
 
 Hatas v. Partin,
 
 278 Ala. 65, 67, 175 So.2d 759, 761 (1965) (“The words ‘personal representative’ are broader in some respects, but when used in [the predecessor statute to § 6-5-410], they can only mean the executor or administrator of the injured testator or intestate.”).
 
 [2]
 
 Further, both parties note that, as defined in the Probate Code, the term “personal representative” “[ijncludes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status.” Ala.Code 1975, § 43-8-1(24).
 

 The function and role of a “personal representative” in a wrongful-death action is well settled:
 

 “In the context of a wrongful-death action, the sole role of a personal representative, such as an administrator or an executor, ‘ “is to maintain the suit, and collect the damages and pay them over to the distributees” ’; in other words, an administrator is ‘“a mere agency and conduit, provided by the [wrongful-death] statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto.” ’
 
 Hatas v. Partin,
 
 278 Ala. 65, 68, 175 So.2d 759, 761 (1965) (quoting
 
 Kennedy v. Davis,
 
 171 Ala. 609, 612, 55 So. 104, 105 (1911)). For this reason, the personal representative may properly be said to be ‘only [a] nominal or formal party.’
 
 Board of Trustees of Univ. of Alabama v. Havrell,
 
 43 AlaApp. 258, 261, 188 So.2d 555, 557 (1965). Indeed, it has been said that when a personal representative brings a wrongful-death action, he ‘does not act strictly in his capacity as administrator of the estate of his decedent’ because the administrator ‘is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or
 
 *716
 
 liabilities of the decedent.’
 
 Hatas,
 
 278 Ala. at 68,175 So.2d at 761.”
 

 Scroggins v. Johnson,
 
 907 So.2d 1059, 1064 (Ala.Civ.App.2004). Further, in the context of a wrongful-death action, a “personal representative” acts “as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages.”
 
 Steele v. Steele,
 
 623 So.2d 1140, 1141 (Ala.1993). See also
 
 Bonner v. Williams,
 
 370 F.2d 301, 303-04 (5th Cir.1966) (“The rights and duties of the personal representative [in an action under § 6-5-410] are limited, however, to maintenance of the suit, collection of the damages, and distribution of the proceeds to the statutory distributees.”).
 

 The role of an administrator ad litem is governed by Ala.Code 1975, § 43-2-250:
 

 “When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.”
 

 Before the enactment of this statute, “an administrator ad litem was unknown to our law and the appointment of such an administrator was void.”
 
 Ex parte Riley,
 
 247 Ala. 242, 250, 23 So.2d 592, 599 (1945).
 
 [3]
 
 Generally, an administrator ad litem is a fiduciary charged with acting in the best interests of the successors to an estate. An administrator and an administrator ad litem serve in different fiduciary capacities and are separate and distinct parties. The appointment of an administrator ad litem may precede the appointment of an administrator, and the two may subsist together. The administrator ad litem is appointed for a special and limited purpose and is solely responsible to the estate for that portion of its affairs entrusted to him or her by the court. See 31 Am.Jur.2d
 
 Executors and Administrators
 
 § 1050 (2002).
 

 There are several reported cases in which it appears that an administrator ad litem, without challenge, has filed a wrongful-death action. See, e.g.,
 
 Ex parte Sumter County,
 
 953 So.2d 1235 (Ala.2006);
 
 Franks v. Norfolk S. Ry.,
 
 679 So.2d 214 (Ala.1996);
 
 Fitts v. Minnesota Mining & Mfg. Co.,
 
 581 So.2d 819 (Ala.1991); and
 
 Handley v. Richards,
 
 518 So.2d 682, 683 (Ala.1987) (Maddox, J., concurring specially). In
 
 Franks,
 
 Steve Franks was appointed by the probate court as the administrator ad litem of the estate of Georgia Delaine Franks “for the purpose of filing a wrongful death action” in connection with Georgia’s death in an automobile accident. 679 So.2d at 215. The defendants, Norfolk Southern Railway and certain of its employees, argued that- Steve Franks had not been properly appointed as the administrator ad litem, that he was not the proper
 
 *717
 
 party to have brought the wrongful-death action, and that the action was a nullity and should be dismissed. The trial court agreed and dismissed the case, holding “that the appointment of Steve Franks as administrator was void and that the action was a nullity because (1) the action had not been brought by the proper party, (2) there was no relation back, and (3) the statutory limitations period had run.” 679 So.2d at 216.
 

 On appeal, Steve Franks argued that the trial court did not have jurisdiction to consider a collateral attack on his appointment as administrator ad litem and “that his appointment as administrator ad litem was proper and, therefore, authorized him to bring the wrongful death action.” 679 So.2d at 216. We noted that while another party had been appointed as the “administrator” of Georgia’s estate and had the authority to file a wrongful-death claim, “Steve Franks was appointed administrator ad litem for the purpose of bringing a wrongful death action.” 679 So.2d at 216. The defendants, however, challenged whether the probate court, rather than the circuit court, had the power to appoint an administrator ad litem. We stated:
 

 “The language of § 43-2-250 indicates that the legislature intended that any court, including the probate court, has the authority to appoint an administrator ad litem if the facts requiring one are established. Although the legislature has expressly granted exclusive jurisdiction to the circuit court in some specific areas, § 43-2-250 does not indicate that circuit courts are to have exclusive jurisdiction over the appointment of an administrator ad litem for the purpose of allowing a wrongful death case.”
 

 679 So.2d at 218. Although
 
 Franks
 
 involved a challenge to whether an administrator ad litem was a proper party in a wrongful-death action, the decision presumed that — and did not explicitly analyze whether — the administrator ad litem was a “personal representative” for purposes of the wrongful-death statute. However, Justice Houston addressed the issue in a special writing:
 

 “An administrator
 
 ad litem
 
 can be appointed when ‘there is no executor or administrator of [the] estate, or [the executor or administrator] is interested adversely thereto.’ Ala.Code 1975, § 43-2-250. Even though there was an administrator when Steve Franks was appointed, Steve Franks could have established that the existing administrator was not interested in purs[u]ing a wrongful death action against Norfolk Southern Railway Company. I agree with the majority that Norfolk Southern should not be permitted to attack Franks’s appointment collaterally.
 

 “Therefore, for purposes of this special writing, I assume that Steve Franks is administrator
 
 ad litem
 
 of the estate of Georgia Delaine Franks, deceased, for the purpose of bringing a wrongful death action. Is he a proper party? Franks’s action is brought under Ala. Code 1975, § 6-5-410, which provides, in pertinent part: ‘A personal representative may commence an action ... for the wrongful act, omission, or negligence of any person, persons, or corporation ... whereby the death of his testator or intestate was caused.’ Is an administrator
 
 ad litem
 
 a personal representative?
 

 “The defendant predicates a great deal of its argument on the nature of the Alabama wrongful death action.... Suffice it to say that, in my opinion, an administrator
 
 ad litem
 
 is a personal representative. A ‘representative’ is ‘[a] person ... that in some way corresponds to, stands for, replaces, or is equivalent to, another person.’
 
 Black’s Law Dictionary
 
 1302 (6th ed. 1991).
 
 *718
 
 The adjective ‘personal’ is defined as ‘Appertaining to the person; belonging to an individual; limited to the person.’
 
 Black’s Law Dictionary
 
 1143 (6th ed. 1991). Steve Franks stands for and replaces the deceased Georgia Franks in this action; clearly, he is a personal representative.”
 

 Franks,
 
 679 So.2d at 218-19 (Houston, J., concurring) (third alteration added; other alterations in original).
 

 No authority has been cited indicating that an administrator ad litem lacks the powers of a “personal representative” for purposes of prosecuting a wrongful-death action. Further, nothing in the plain language of § 43-2-250 forbids an administrator ad litem from taking such action; instead, that section explicitly provides for the appointment of an administrator ad litem when there is no executor or administrator for a particular proceeding and one is needed — necessarily implying that the administrator ad litem has the same powers as an executor or administrator in connection with that proceeding, subject to any limitations provided by the appointing court.
 
 [4]
 

 Although Trinity correctly notes that an administrator appointed pursuant to Ala. Code 1975, § 43-2^42, has greater powers and duties than an administrator ad litem, nothing before us indicates that an administrator ad litem cannot perform the duties of a “personal representative” in a wrongful-death action, which, as noted above, are more narrow than the duties of an administrator or executor. Further, Trinity expresses concern that an administrator ad litem is not required to post a bond; however, the lack of a posted bond is immaterial in this case, because the probate court “deemed sufficient” Williford’s “General County bond.”
 

 Finally, it would appear that the role of an administrator ad litem appointed pursuant to § 43-2-250 corresponds with “persons who perform substantially the same function” as “executors, administrators, successor personal representatives, and special administrators” found in the definition of “personal representative” in the Probate Code. Ala.Code 1975, § 43-8-1(24).
 

 Upon her appointment as administrator ad litem, Williford assumed the limited role of a court-appointed advocate for the interests of Kean’s estate, and, as a fiduciary, she was answerable to the probate court for her handling of the affairs entrusted to her. Therefore, we conclude that Williford, acting in her capacity as an administrator ad litem, was a “personal representative” within the meaning of Ala. Code 1975, § 6-5-410, and was, therefore, vested with the authority conferred by that section to file a wrongful-death action.
 

 
 *719
 

 II.
 

 Trinity also argues that the probate court’s order appointing Williford as administrator ad litem did not grant Willi-ford the power to file this particular action. Whitman’s petition to appoint an administrator ad litem requested that an administrator ad litem be appointed “solely” to gather information to determine whether there were sufficient grounds for filing a wrongful-death action. The probate court’s order granting the petition stated:
 

 “This matter came on to be heard on Petitioner’s Petition for Appointment of Administrator ad Litem .... The Court having considered same, it hereby renders the following Decree:
 

 “That the Petition is hereby granted, and DORIS WILLIFORD is appointed as Administrator ad Litem of the Estate of Kristopher Mark [Kean], deceased. Further, said Doris Williford, in her capacity, is further appointed for the special purpose of obtaining medical information, records, and videotapes and to investigate a potential wrongful death action on behalf of the decedent’s estate.
 

 [[Image here]]
 

 Trinity argues that Whitman’s petition requested that Williford be appointed “solely” for the purpose of gathering information to determine if a wrongful-death claim existed and that her appointment was thus for that specific purpose. Therefore, Trinity concludes, Williford was not granted the actual power to file a wrongful-death action on behalf of Kean’s estate. Because Williford did not have the power to file the action, Trinity argues, the action is a nullity. According to Trinity, the appearance of a “general administrator” did not occur until the two-year period of § 6-5-410(d) had expired; therefore, Trinity contends, the amendment purporting to change Williford’s capacity did not relate back to the original filing, which it says was a nullity, and the case must be dismissed.
 

 First, Trinity cites no authority indicating that the actions of an administrator ad litem that extend beyond the scope of his or her powers are void and not merely voidable. See
 
 Ellis v. Hilbum,
 
 688 So.2d 236 (Ala.1997) (holding that an amendment to a complaint attempting to name a proper personal representative related back to the filing of the original complaint because the acts of the prior, improperly appointed personal representative
 
 were not void, but merely
 
 voidable).
 

 In any event, contrary to Trinity’s argument, the probate court’s order appointing Williford administrator ad litem, albeit not a model of clarity, did not explicitly limit Williford’s powers
 
 only
 
 to investigating whether a wrongful-death action was viable. Contrary to the interpretation of the probate court’s order Trinity urges, we do not read the probate court’s requirement that Williford investigate the viability of a wrongful-death action as a restriction on her duties. Instead, the order is an appointment of Williford as administrator ad litem pursuant to § 43-2-250, which necessarily grants Williford the power and authority to represent the estate in a “proceeding” when the interests of the estate require representation (here, a wrongful-death action, as Whitman’s petition alludes). The probate court’s order also
 
 “further
 
 appoint[s]” Williford for “the special purpose” of investigating the wrongful-death action. This language does not
 
 limit
 
 Williford to simply investigating the viability of an action, as Trinity contends; instead, it logically purports to
 
 extend
 
 her duties beyond simply participating in an action by
 
 also
 
 requiring her to investigate the viability of such an action.
 

 Conclusion
 

 Williford, as the administrator ad litem, had the capacity to file the wrongful-death
 
 *720
 
 action in this case. The trial court’s denial of Trinity’s summary-judgment motion is affirmed. Because of our holding on the trial court’s first question, there is no need to address the trial court’s second question — whether the amendment purporting to add Williford as the administrator was filed within the two-year period for filing wrongful-death actions.
 

 AFFIRMED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . Although termed as a "statute of limitations" by the trial court, the limitations period of Ala.Code 1975, § 6-5-410(d), for a wrongful-death action is actually treated as a substantive limitation on the action: "This two year period is part of the substantive cause of action and is not to be treated as a statute of limitations. The two year period is not a limitation against the remedy only because after two years the remedy expires."
 
 Downtown Nursing Home, Inc. v. Pool,
 
 375 So.2d 465, 466 (Ala.1979). See also
 
 Ex parte FMC Corp.,
 
 599 So.2d 592, 594 (Ala.1992) ("It is well settled that the time limitation set out in § 6-5-410(d) is part of the substantive cause of action .... The two-year period is not a limitation against the remedy only, because after two years the cause of action expires.”).
 

 [2]
 

 .
 
 Downtown Nursing Home,
 
 supra, and
 
 Waters
 
 each involved a situation in which a wrongful-death action was filed by someone other than a duly appointed representative of an estate. The issue in
 
 Hatas
 
 was whether a “special administratrix” appointed in a foreign state could file a wrongful-death action without first qualifying as an administrator in this state. None of these cases discusses the specific issue before this Court in the instant appeal: Whether an administrator ad litem is included within the definition of “personal representative” for purposes of filing a wrongful-death action.
 

 [3]
 

 . Three factors must generally exist in order for an administrator ad litem to be appointed:
 

 “(1) The estate of the deceased person 'must be represented,' which means that the interests of the estate require representation. (2) ‘There is no executor or administrator of such estate, or he is interested adversely thereto.' (3) 'The facts rendering such appointment necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein.' "
 

 Riley,
 
 247 Ala. at 250, 23 So.2d at 599. See also
 
 Loving v. Wilson,
 
 494 So.2d 68, 70 (Ala. 1986) (“Requiring the appointment of an administrator ad litem for the estate of a deceased cotenant indicates that 'the interests of the estate require representation.' " (quoting Riley)).
 

 [4]
 

 . Trinity also contends that an administrator ad litem can be appointed only in connection with an
 
 existing
 
 proceeding. Whether a proceeding must be pending or existing before an administrator ad litem can be appointed does not touch upon the issue presented in this case: Whether an administrator ad litem has the power, capacity, or authority to file a wrongful-death action under § 6-5-410. Instead, Trinity's argument challenges whether Williford was properly appointed in the first place.
 

 However, for purposes of the question, certified on this permissive appeal, the circuit court
 
 assumed
 
 that Williford was properly appointed as an administrator ad litem. Specifically, the circuit court’s order certifying the question was based on the premise that Williford "was duly appointed under Ala.Code [1975,] § 42-2-250 by the Jefferson County Probate Court as Administrator Ad Litem,” and the question it certified asks if "the administrator ad litem” had "the capacity to file this wrongful death suit .... ” Trinity's issue is thus outside the scope of the questions certified in this case.