SHAW, Justice
(concurring specially in case no. 1130403).
The issue in these cases is whether the probate court possessed jurisdiction to oversee the actions of the “personal representative” pursuing a wrongful-death action in the circuit court. As the main opinion holds, it does not. I agree.
Justice Bolin, in his special writing, expresses, among other things, concern that this Court’s holding in Affinity Hospital, L.L.C. v. Williford, 21 So.3d 712 (Ala.2009), has caused confusion as to whether an administrator ad litem may be appointed to prosecute a wrongful-death, action. I do not believe that Affinity Hospital causes any such confusion. That case addressed a narrow question: Did a “duly appointed” administer ad litem have the capacity under the wrongful-death act, § 6-5-410(a), Ala.Code 1975, to file a wrongful-death action?[7] I say “duly appointed” because the issue whether the administrator ad litem had initially been properly appointed by the probate court was not a matter before the Court in Affinity Hospital:
“Trinity[8] also contends that an administrator ad litem can be appointed only in connection with an existing proceeding. Whether a proceeding must be pending or existing before an administrator ad litem can be appointed does not touch upon the issue presented in this case: Whether an administrator ad litem has the power, capacity, or authority to file a wrongful-death action under § 6-5-410. Instead, Trinity’s argument challenges whether Williford was properly appointed in the first place.
“However, for purposes of the question, certified on this permissive appeal, the circuit court assumed that Williford was properly appointed as an administrator ad litem. Specifically, the circuit court’s order certifying the question was based on the premise that Williford ‘was duly appointed under Ala.Code [1975,] § 42-2-250 by the Jefferson County Probate Court as Administrator Ad Li-tem,’ and the question it certified asks if ‘the administrator ad litem’ had ‘the capacity to file this wrongful death suit....’ Trinity’s issue is thus outside the scope of the questions certified in this case.”
*653 Affinity Hosp., 21 So.3d at 718 n. 4. Affinity Hospital cannot be read to speak to whether an administrator ad litem can be properly appointed under § 43-2-250, Ala. Code 1975, to pursue a wrongful-death action in the first place; whether the appointment in that case met the criteria of § 43-2-250, including issues as to whether an “existing” proceeding was required and whether the estate needed representation, was not addressed.
That an administrator ad litem, properly appointed, may file a wrongful-death action in no way confuses the issue whether a probate court may oversee the actions of the “personal representative” in a wrongful-death action. The probate court’s attempts in the instant case to oversee the distribution of the proceeds of the wrongful-death action could have occurred even if Bessie Kirksey had been an administrator or executor. Any purported mistakes or fraud in the distribution of the proceeds could just have easily been committed by an administrator or executor. Nothing in the actual holding of Affinity ■ Hospital contributed to the conduct in the instant case.

. Although Affinity Hospital holds that an administrator ad litem had the power to file a wrongful-death action, that decision was not unprecedented, as the practice was noted in numerous prior decisions: "There are several reported cases in which it appears that an administrator ad litem, without challenge, has filed a wrongful-death action. See, e.g., Ex parte Sumter County, 953 So.2d 1235 (Ala.2006); Franks v. Norfolk S. Ry., 679 So.2d 214 (Ala.1996); Fitts v. Minnesota Mining & Mfg. Co., 581 So.2d 819 (Ala.1991); and Handley v. Richards, 518 So.2d 682, 683 (Ala. 1987) (Maddox, J., concurring specially).” Affinity Hosp., 21 So.3d at 716. See also Golden Gate Nat’l Senior Care, LLC v. Roser, 94 So.3d 365, 366 (Ala.2012) (Bolin, J„ concurring specially) (“The case that arguably created the practice of appointing an administrator ad litem to file a wrongful-death action is Franks v. Norfolk Southern Railway, 679 So.2d 214 (1996).”).

. "Trinity” was a collective reference for Affinity Hospital, L.L.C., d/b/a Trinity Medical Center, and David Brittin, R.N.